IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SKULL SHAVER, LLC | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 1:24-cv-10796 |
| | : | |
| FREEBIRD, | : | |
| | : | |
| Defendant. | : | |
| | : | |

# COMPLAINT

Plaintiff Skull Shaver, LLC ("Plaintiff"), by and through its undersigned counsel, hereby brings this Complaint against Defendant Freebird, and in support thereof says:

## PARTIES

1. Plaintiff Skull Shaver, LLC is a limited liability company of New Jersey, having its principle place of business at 1503 Glen Avenue, Suite 601, Moorestown, NJ 08057.

2. Skull Shaver owns a portfolio of numerous issued United States patents related to and embodied by various of its successful shaving products. The designs and devices claimed in those patents have changed way consumers view and use handheld electric shaving devices, particularly when shaving curved parts of the body.

3. Before Skull Shaver's inventions, prevailing handheld electric shaver devices were limiting in grip orientation and versatility of use, particularly when shaving hair on curved parts of the body. Most designs incorporated a vertical handle and did not provide the user with firm gripping in order to achieve a consistent and uniform shave over curved portions of the body. Furthermore, prior electric shavers did not fit in the user's

1

hand in a comfortable manner particularly when the shaver was oriented with the grip above the cutter surface, such as when reaching upward to shave the head.

4. Skull Shaver's patents solve these issues, since the shape and design of the shaver housings fits the hand in a comfortable manner, especially when shaving curved parts of the body or when the shaver is held in an orientation where the housing is above the cutter.  When the shaver is oriented in this manner, it is then possible to either grip the shaver with two fingers as between the thumb and index finger, or between the index and middle fingers, while resting the remainder of the hand against the skin.  This helps the user properly orient and place the cutting surface of the shaver against the skin while being able to feel whether the skin has been sufficiently shaved.

5. Skull Shaver was founded in 2010, and shortly after it began offering the unique and effective electric shavers for sale, its products became a hit.  Since then, Skull Shaver has been featured in local and national newspapers, radio stations, websites, and blogs.

6. Defendant Freebird ("Defendant") is, upon information and belief, a corporate entity organized under the laws of Pennsylvania, but located at 1100 Cranbury S River Rd., Monroe Township, NJ 08831.

JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1338(a)  because the cause of action arises under the Patent Laws of the United States and, specifically, 35 U.S.C. §§ 271 and 289.

8. This Court has personal jurisdiction over the Defendant because it is located in this judicial district and conducts business in this district.

9. Venue is proper pursuant to 28 U.S.C. §1400(b) in that Defendant resides in this judicial district.

**ASSERTED PATENTS**

10. The patents-at-issue in this action are U.S. Patent Nos. 8,726,528 ("the Utility Patent"), D672,504 ("the Design Patent"), and D914, 290 (the "Second Design Patent") (collectively, the "Patents").

11. On December 11, 2012, the U.S. Patent Office duly and legally issued the Design Patent entitled "Electric Head Shaver." Skull Shaver is the assignee of all right, title, and interest in and to the Design Patent. A true and correct copy of the Design Patent is attached hereto as Exhibit A.

12. On May 20, 2014, the U.S. Patent Office duly and legally issued the Utility Patent entitled "Electric Head Shaver." Skull Shaver is the assignee of all right, title, and interest in and to the Utility Patent. A true and correct copy of the Utility Patent is attached hereto as Exhibit B.

13. The patents-at-issue in this is U.S. Patent Nos. D914, 290 ("the Second Design Patent"), which the U.S. Patent Office duly and legally issued entitled "Electric Shaver Head" on March 23, 2021. Skull Shaver LLC is the assignee of all right, title and interest in and to the Design Patent. A true and correct copy of the Second Design Patent is attached hereto as Exhibit C.

**BACKGROUND**

14. Skull Shaver is in the business of designing and selling electric shavers in the United States and throughout the world.

15. Defendant has willfully and deliberately infringed the Patent by making, using, selling, and/or offering to sell, or causing others to make, use, sell, and/or offer to

sell an electric shaver which it refers to as "the Freebird Flex Series" (hereinafter "Flex Series") and which embodies the inventions claimed in the Patent. A photograph of the Freebird Flex Series shaver is attached hereto as Exhibit D.

15. Defendant's shavers are relatively inexpensive costing less than $60.00.

16. On information and belief, Defendant's Flex Series shavers are sold only online, and are not available in stores.

17. As a result of the manner in which the Flex Series shavers are sold, a prospective consumer does not have an opportunity to closely examine the same. He or she can see only what is shown on online.

## COUNT I

### (Patent Infringement of Utility Patent)

18. Skull Shaver realleges and incorporates by reference the preceding paragraphs of this Complaint.

19. Defendant has directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the Utility Patent by making, using, testing, selling, offering for sale and/or importing into the United States Defendant's Flex Series head shaver pursuant to 35 U.S.C. § 271(a).

20. Defendant's accused electric shaver practices all of the limitations of the Utility Patent. For example, Defendant's accused electric shaver comprises a housing for containing an electrical source and drive-related components, said housing having a length and a width, and said housing further including a bottom; a cutter mechanism located beneath said bottom of said housing and spaced therefrom; a central hub extending from said bottom of said housing to said cutter mechanism and connecting said cutter mechanism to said housing; said cutter mechanism including a cutting surface defining a plane.

21. On information and belief, Defendant's accused electric shavers are available to individuals throughout the United States.

22. Skull Shaver has been damaged as the result of Defendant's infringement. Upon information and belief, Defendant will continue to infringe one or more claims of the Utility Patent unless and until they are enjoined by this Court.

23. Defendant has caused and will continue to cause Skull Shaver irreparable injury and damage by infringing one or more claims of the Utility Patent. Skull Shaver will suffer further irreparable injury, for which it has no adequate remedy at law, unless and until Defendant is enjoined from infringing the claims of the Utility Patent.

## COUNT II
## (Design Patent Infringement)

24. Skull Shaver realleges and incorporates by reference the preceding paragraphs of this Complaint.

25. Although there are some differences in the designs, the overall appearance of the Flex Series shaver is substantially the same as the design in the Design Patent and/or Second Design Patent, or is at least a colorable imitation thereof.

26. By way of example, both designs compromise: (1) a four blade electric head shaver head for use with an adapted, or to be part of, a completed head shaver; (2) four rotary cutters; (3) four holders in a square configuration; (3) a housing for said holders; (4) said holders being retained by said housing; (nad 5) the blades are interconnected to be used in unison, connected to an electric shaver that includes an electric motor for operating the shaver head.

27. The ordinary observer, seeing the Flex Series shaver on online, would be deceived into believing that the Flex Series shaver is the same as the patented design.

## PRAYER FOR RELIEF

Wherefore, Plaintiff Skull Shaver respectfully requests that this Court:

A. Enter judgment that Defendant has infringed one or more of the Patents;

B. Enter an order permanently enjoining the Defendant and their officers, agents, employees, attorneys, and all persons in active concert or participation with any of the foregoing, from infringing the claims of the Asserted Patents;

C. Award Skull Shaver damages in an amount sufficient to compensate it for Defendants' infringement of one or more claims of the Patent, together with prejudgment and post-judgment interest costs, and all other damages permitted under 35 U.S.C. § 284;

D. Perform an accounting of each Defendant's infringing activities through trial and judgment;

E. Treble the damages awarded to Skull Shaver under 35 U.S.C. § 284 by reason of each Defendant's willful infringement of the Patents;

F. Declare this case to be "exceptional" under 35 U.S.C. § 285 and award Skull Shaver its attorneys' fees, expenses, and costs incurred in this action; and

G. Award Skill Shaver such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff Skull Shaver hereby demands a trial by jury on all issues so triable.

Dated: November 27, 2024

Respectfully submitted,
*/s/                    Ahmed Soliman*
Ahmed M. Soliman, Esq./ I.D. #309115
Soliman & Associates, PC
923 Haddonfield Road, Ste. 300
Cherry Hill, NJ 08002
Tel: (856) 324-8313/Fax: (856) 324-9080
E-mail: *soliman@solimanlegal.com*

6